**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**FORETHOUGHT LIFE**                                             **PLAINTIFF**
**INSURANCE CO.**

**V.**                                                     **NO: 3:20CV54**

**GREG C. FORSYTHE, ET AL.**                         **DEFENDANTS**

<u>**ORDER**</u>

This interpleader action comes before the Court on Defendants' motions for summary judgment [34, 44, 47]. The Court has reviewed the briefs and submissions and is prepared to rule.

**Factual Background**

**I.   Elizabeth Forsythe**

In 2014, Elizabeth Forsythe executed an irrevocable trust called the Elizabeth Forsythe Irrevocable Trust Dated January 10, 2014 ("Trust"). She is the Trustor and primary beneficiary. She established the Trust for the primary purpose of providing funding for her care. She is now incapacitated.

By the terms of the Trust, Elizabeth Forsythe's son, Glenn Forsythe, is the Trustee. The Trustee has the power to manage and invest the assets of the Trust, and to sue and be sued in his capacity as Trustee.

Relevant to this action, the Trust owns two annuity contracts, which have a current combined value of approximately $122,829.27.

Elizabeth Forsythe has another son named Greg Forsythe. When Elizabeth Forsythe became incapacitated in 2016, the Chancery Court of DeSoto County, Mississippi appointed Greg Forsythe the conservator of the person and estate of Elizabeth Forsythe.

## II.     Liquidation Order

In 2018, Greg Forsythe filed a petition against Glenn Forsythe in the Chancery Court of DeSoto County, Mississippi. Greg Forsythe requested that the court terminate the Trust and order that all the assets be delivered to him. Glenn and Greg Forsythe were the only parties to the action ("Chancery Court Action").

Glenn Forsythe, acting pro se, filed an answer in the Chancery Court Action. He stated that Greg Forsythe is not entitled to any funds from the Trust and that the court should deny Greg's request to terminate the Trust. The court struck the answer and, according to Forethought's complaint, Glenn Forsythe had no further involvement in the proceedings.

The Chancery Court Action continued into 2019. In March of that year, another son of Elizabeth Forsythe's, Ronald Forsythe, intervened in the action and filed a motion to dismiss. In Ronald's motion he claimed to be a remainder beneficiary of the Trust.

Eight months later, Greg Forsythe filed an emergency motion to use the Trust assets to benefit Elizabeth Forsythe as the Trust beneficiary. The Chancery Court granted the motion and entered a Liquidation Order. By the terms of the Liquidation Order, all Trust assets were to be delivered to Greg Forsythe.

According to Forethought, Glenn Forsythe is not a party to the Liquidation Order—not in his personal capacity or in his capacity as Trustee. Forethought also states that the Liquidation Order does not purport to terminate the Trust; it only purports to direct custodians of the Trust assets to liquidate those assets without a directive from the Trustee.

In 2020, Greg Forsythe's counsel sent a copy of the Liquidation Order to Forethought's counsel. Forethought had not been aware of the Chancery Court Action. And although Forethought is not a party to the Liquidation Order, it is implicated by the Order. The Order requires that Forethought liquidate the annuity contracts and release the funds to Greg Forsythe.

### III.    Trustee Replacement Order

On February 14, 2020, Forethought filed a complaint in interpleader in this Court because Forethought, a disinterested stakeholder, cannot determine to whom, and in what manner, it should distribute the annuities. To avoid incurring multiple liabilities, Forethought asks this Court to adjudicate who is entitled to administer the annuities.

Three weeks after Forethought filed its interpleader complaint, Greg Forsythe filed a motion in the Chancery Court Action, titled: "Motion to Determine Glenn E. Forsythe Cannot Continue to Serve as Trustee of Irrevocable Trust and Confirmation and Appointment of Greg Forsythe as Successor Trustee." On March 17, 2020, the Chancery Court granted Greg Forsythe's motion. The Chancery Court entered an Order finding that Glenn Forsythe could not continue to serve as Trustee. The Order thus removed Glenn Forsythe and appointed Greg Forsythe as the Successor Trustee of the Trust ("Trustee Replacement Order"). The Trustee Replacement Order further states that "Greg Forsythe, as the Successor Trustee of [the Trust], may surrender the Annuities owned by the [Trust] so that the proceeds received therefrom can be utilized for the health and maintenance of Elizabeth H. Forsythe." [48-1].

### IV.    Motions for Summary Judgment

On June 11, 2020, Greg filed a motion for summary judgment in this Court. He argued that the Trustee Replacement Order obviated any need for the Court to determine who is entitled to

administer the annuities. He requested that the Court grant summary judgment in his favor and dismiss Forethought from the interpleader action with prejudice.

After Greg filed the motion for summary judgment, Forethought's counsel conferred with Greg's counsel and expressed procedural concerns about Greg's request that Forethought be dismissed with prejudice as a party to the interpleader action. As a result, Greg filed an amended motion for summary judgment. Instead of seeking dismissal of Forethought as a party to the action, Greg's amended motion asks this Court to find that Greg is entitled to administer the annuities and to order Forethought to liquidate the annuities and pay all proceeds to Greg Forsythe as the Successor Trustee to the Trust.

### Jurisdiction

Forethought asserts that this Court has original subject matter jurisdiction under 28 U.S.C. § 1335(a). A district court has jurisdiction over an interpleader action under § 1335(a) if: (1) the plaintiff's action concerns $500 or more; (2) the plaintiff deposits the funds at issue into the registry of the court; (3) two or more adverse claimants claim or may claim to be entitled to the funds; and (4) those claimants are minimally diverse, meaning two or more of the adverse claimants must have diverse citizenship. *Auto Parts Mfg. Miss., Inc. v. King Const. of Houston, L.L.C.*, 782 F.3d 186, 192–93 (5th Cir. 2015); *see also* 28 U.S.C. § 1335(a). Jurisdiction is determined at the time the interpleader complaint is filed and subsequent events do not divest the court of jurisdiction. *Id.* at 194.

Here, Forethought has surrendered and liquidated the annuities contracts, and has deposited the resultant funds into the registry of the Court. The total principal amount in the Court's registry is $114,409.23, with $113,909.23 representing the actual proceeds of the annuities. The parties are minimally diverse; when Forethought filed its complaint, some of the parties potentially claiming

4

entitlement to the funds were Mississippi residents (such as Elizabeth and Ronald Forsythe), and some were Tennessee residents (such as Greg and Glenn Forsythe). Therefore, the Court has jurisdiction over this matter.

**Discussion**

**I.   Entitlement to the Interpleaded Funds**

The Court must determine who is entitled to the interpleaded funds. It is uncontested that the Trustee of the Trust possesses the sole right to administer the annuities. It is also uncontested that the Chancery Court of DeSoto County, Mississippi entered an Order on March 17, 2020, appointing Greg Forsythe Successor Trustee, having found that Glenn could not continue to serve as Trustee, and that the Court's Order stated that "Greg Forsythe, as the Successor Trustee of [the Trust], may surrender the Annuities owned by the [Trust] so that the proceeds received therefrom can be utilized for the health and maintenance of Elizabeth H. Forsythe." [48-1].

On these facts, the Court finds that Greg is entitled to administer the annuities. By its terms, the Trust provides that once the Chancery Court deemed Glenn unable to continue to serve as Trustee, and appointed Greg Successor Trustee, Greg became entitled to administer the annuities. Moreover, the Chancery Court's Order explicitly stated that Greg is entitled to administer the annuities. The Full Faith and Credits Act compels this Court to follow the Chancery Court's Orders. Thus, the Court must accept the Chancery Court's determination that Glenn could no longer serve as Trustee, its appointment of Greg as Successor Trustee, and its conclusion that Greg is entitled to administer the annuities. As such, Greg is entitled to the interpleaded funds.

**II.    Relief Requested by Forethought**

A.    Discharge from Future Liability Under 28 U.S.C. § 2361

On January 4, 2021, Forethought filed an unopposed motion under 28 U.S.C. § 2361 seeking discharge from future liability related to the interpleaded funds. Section 2361 authorizes a district court to "enter an order restraining claimants 'from instituting or prosecuting any proceeding in any State or United States court affecting the property . . . involved in the interpleader action until further order of the court." *Transamerica Annuity Serv. Corp. v. Symetra Life Ins. Co.*, No. 16-1426, 2017 WL 467970, at *3 (S.D. Tex. Feb. 3, 2017) (quoting *Auto Parts*, 782 F.3d at 195). "Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce the judgment." 28 U.S.C. § 2361.

"The court has extensive discretion under Section 2361 with regard to the issuance and the scope of the order." 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1717 (3d ed.) (footnotes omitted). "A request for an injunction may be refused if there is no real threat of litigation relating to the subject matter of the interpleader suit . . . ." *Id.* As an example, in *Fox & Grove, Chartered v. Miller*, an Illinois district court denied a motion for an injunction under § 2361, reasoning that there were "no pending federal or state actions brought by the defendant claimants," there was "no apparent threat of future litigation involving the fund," and thus the "request for an injunction [was] premature and unnecessary." No. 88-3741, 1988 WL 135485, at *2 (N.D. Ill. Dec. 9, 1988).

This case is like *Fox & Grove*. This Court knows of no pending state or federal actions concerning the interpleaded funds, and there does not appear to be any present or future threat of litigation involving the funds. During these proceedings, except for filing answers to Forethought's

complaint, and consenting to the liquidation of the annuities, none of the defendants have participated. Not one defendant filed a response to any of Greg Forsythe's motions for summary judgment. Not one defendant filed a response to Forethought's motion for discharge. Not one defendant filed a motion for any reason. By all accounts, the disagreements that elicited this action have dissipated over the course of these proceedings, presumably because the proceedings in the Chancery Court resolved the parties' disputes. Therefore, like the court in *Fox & Grove*, this Court finds that an injunction is premature and unnecessary here. Forethought's motion should be denied.

      B.    Amount Forethought Paid to Registry of the Court

Forethought seeks $500.00 of the interpleaded funds, which is the amount previously paid by Forethought to the registry of this Court. Forethought's request will be granted.

**Conclusion**

Greg Forsythe's Amended Motion for Summary Judgment [44] and Greg Forsythe's Motion for Summary Judgment filed in his capacity as Conservator of the Person and Estate of Elizabeth Forsythe [47] are **GRANTED**.

Greg Forsythe's Motion for Summary Judgment [34] is **DENIED AS MOOT**.

It is hereby **ORDERED** that the Clerk of Court disburse $500.00 of the interpleaded funds to Forethought Life Insurance Co., which shall be paid to Maynard, Cooper & Gale, P.C., 1901 Sixth Ave. N., Suite 1700, Birmingham, AL 35203.

It is further **ORDERED** that the Clerk of Court disburse the remainder of the principal of the interpleaded funds, $113,909.23, plus all accrued interest to Greg Forsythe as Successor Trustee of the Elizabeth Forsythe Irrevocable Trust Dated January 10, 2014.

Finally, Forethought Life Insurance Company's motion for discharge [77] is **DENIED**.

With no remaining claims, this case is **CLOSED.**

**SO ORDERED**, this the 11th day of January, 2021.

/**s**/ Michael P. Mills

**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**